27  259|<br>e124 806|

Newman McBain, and others, caveators, plaintiffs in error, vs. Elizabeth Wimbish, propounder defendant in error.

Letters testamentary should be granted in the county of the testator's residence, at the time of his death.

McBain et al. vs. Wimbish.

Caveat to will, from Schley county. Tried before Judge WORRILL, at August Term, 1858.

Elizabeth Wimbish, the widow and executrix of William Wimbish, deceased, propounded his will for probate in solemn form before the Ordinary of Sumter county. The case was, by consent, transferred to the appeal in the Superior Court of said county. Pending the appeal, Schley county was created, and the case transferred to that county.

Upon the case coming up for trial in the Superior Court of Schley county, counsel for caveators moved to dismiss the case, and that it be returned to the Superior Court of Sumter county, on the grounds, that caveators were residents of Sumter county, and that the testator died in that county; his residence being in that part of the county, which was afterwards cut off and formed a part of the new county of Schley, and the application for probate was made to the Ordinary of Sumter county, and the appeal taken to the Superior Court of that county, before the creation of Schley county.

The Court below overruled the motion, and counsel for caveators excepted.

The cause proceeded and the jury found for the will.

Whereupon, counsel for caveators tendered their bill of exceptions, assigning as error the decision above excepted to.

McCAY & HAWKINS, for plaintiffs in error.

SCARBOROUGH; BLANFORD & CRAWFORD, contra.

By the Court.—LUMPKIN J. delivering the opinion.

The only question argued in this case, and upon which the judgment of this Court is invoked is, in what county the will of a testator should be proven, and letters testamentary should issue ?

The testator resided at the time of his death in that part of Sumter county, which has been cut off into Schley. The

will was propounded for probate in Sumter; a caveat was entered and an appeal taken by consent from the Ordinary to the Superior Court. At this stage of the case, a division of the county took place, and the record of this case with that of others, was transferred from Sumter to Schley.

There is nothing in the Act of 1857, creating this new county, which controls this matter. What is more, there is no express law upon the subject. If there be, it has escaped my search. The practice has been to make probate of wills and grant letters testamentary in the county where the testator resided at the time of his death. Letters of administration must be granted in the county where the intestate resided at the time of his death, and no where else. *Cobb*, 286. Doubts had arisen as to where letters of administration should be granted, and some confusion resulted, as the intestate might have *bona notabilia* in different counties. None existed as to testators, the practice having been uniform, as I have stated. Hence, they were not included in this Act. They come within its spirit.

By the act of 1838, *Cobb*, 285, where a testator dies out of the county of his residence, his will may be proven in the county where he dies, provided, any of the witnesses live there. But the will and probate are to be transmitted, says the statute, to the county where letters testamentary issue, without specifying what county. The implication is irresistible, however, in favor of the county of his residence at the time of the testator's death. If the probate is to be sent to some other county, to what other except to that of the decedent's residence? The exceptional cases provided for in this Act, establishes the general rule. And even this only extends to the probate of the will, and no further.

Other reasons might be assigned to sustain the decision of the Circuit Court. We see no law for reversing it.

　　　　　　　　　　　　　　　　Judgment affirmed.